# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

WILLIE F. ORMOND, SR.

    Petitioner,

vs.

JACKIE CRAWFORD,

    Respondents.

Case No. 2:04-CV-01755-KJD-(PAL)

**ORDER**

    Before the Court are Respondents' Third Motion to Dismiss (#25) and Petitioner's Opposition (#27). The Court grants Respondents' Motion in part.

    Respondents first contend that several grounds, in part or whole, are procedurally defaulted. As with prior motions to dismiss, Respondents have divided grounds into segments. Motion, pp. 7-8 (#25). The Court adopts this division. In Ground 4a, Petitioner claims that the state did not prove beyond a reasonable doubt that Petitioner was the person convicted in the prior judgments of conviction that were used to establish Petitioner as a habitual criminal. In Ground 4b, Petitioner claims that the state violated due process by not following Nevada's statutory procedure for adjudicating him as a habitual criminal. In Ground 7b, Petitioner claims that the trial court violated due process when it did not sentence Petitioner in accordance with the plea agreement and did not give any reason for the departure. In Ground 9, Petitioner claims that his sentence violates due process because the state did not charge him with a count of being a habitual criminal, instead

1 only putting a notice in the amended information.[1]  In Ground 10a, Petitioner claims that the trial
2 court violated due process by (1) abusing its discretion in sentencing him as a habitual criminal and
3 (2) not making particularized findings that it was "just and proper" to adjudicate him as a habitual
4 criminal.  Petitioner presented these issues to the state courts through a habeas corpus petition.  On
5 appeal, the Nevada Supreme Court determined that Petitioner had waived these claims because he
6 could have, but did not, raise them on direct appeal.  Ex. S, pp. 3-4 n.7 (#11, pp. 168-69)[2] (citing
7 Franklin v. State, 877 P.2d 1058 (Nev. 1994).  Franklin, in turn, applies Nev. Rev. Stat. § 34.810.

8       A federal court will not review a claim for habeas corpus relief if the decision of the
9 state court regarding that claim rested on a state-law ground that is independent of the federal
10 question and adequate to support the judgment.  Coleman v. Thompson, 501 U.S. 722, 730-31
11 (1991).

> In all cases in which a state prisoner has defaulted his federal claims
> in state court pursuant to an independent and adequate state
> procedural rule, federal habeas review of the claims is barred unless
> the prisoner can demonstrate cause for the default and actual prejudice
> as a result of the alleged violation of federal law, or demonstrate that
> failure to consider the claims will result in a fundamental miscarriage
> of justice.

16 Id. at 750; see also Murray v. Carrier, 477 U.S. 478, 485 (1986).  The ground for dismissal upon
17 which the Nevada Supreme Court relied in this case is an adequate and independent state rule.
18 Vang v. Nevada, 329 F.3d 1069, 1074 (9th Cir. 2003) (Nev. Rev. Stat. § 34.810).

19       Petitioner incorrectly argues that Respondents have waived the defense of procedural
20 default.  Opposition, p. 4 (#27).  An implied waiver would occur if Respondents did not raise the
21 defense in a responsive pleading.  However, Respondents have submitted only motions to dismiss
22 (#11, #20).  A motion to dismiss is not a responsive pleading, and thus Respondents have not
23 waived the defense of procedural default by not raising it before this point.  Morrison v. Mahoney,
24 399 F.3d 1042, 1045-47 (9th Cir. 2005).

---

26 [1]Ground 9 also mentions ineffective assistance of counsel, which the Court will address
27 below.

28 [2]Page numbers in parentheses refer to the Court's electronic image file.

1    To demonstrate cause to excuse a procedural default, the petitioner must "show that
some objective factor external to the defense impeded" his efforts to comply with the state
procedural rule. Murray, 477 U.S. at 488 (emphasis added). For cause to exist, the external
impediment must have prevented the petitioner from raising the claim. See McCleskey v. Zant, 499
U.S. 467, 497 (1991). "To establish prejudice resulting from a procedural default, a habeas
petitioner bears 'the burden of showing not merely that the errors at his trial constituted a possibility
of prejudice, but that they worked to his actual and substantial disadvantage, infecting his entire trial
with errors of constitutional dimension.'" White v. Lewis, 874 F.2d 599, 603 (9th Cir. 1989)
(quoting United States v. Frady, 456 U.S. 152, 170 (1982)).

    Nowhere in the Opposition (#27) does Petitioner address cause or prejudice to
excuse the procedural default. Because he does not, neither does the Court. Casey v. Moore, 386
F.3d 896, 921 n. 27 (9th Cir. 2004), cert. denied, ___ U.S. ___, 125 S. Ct. 2975 (2005). The Court
dismisses Grounds 4a, 4b, 7b, 9, and 10a.

    In Ground 10b, Petitioner claims that appellate counsel was ineffective for failing to
argue on direct appeal that the trial court had failed to make particularized findings in adjudicating
Petitioner to be a habitual criminal. Respondents argue that Ground 10b is procedurally defaulted
because when Petitioner raised it in his state habeas corpus appeal, the Nevada Supreme Court held:

> On direct appeal, however, this court rejected Ormond's argument that the district court abused its discretion in adjudicating him a habitual criminal. The doctrine of the law of the case prevents further litigation of this issue and "cannot be avoided by a more detailed and precisely focused argument."

Ex. S, pp. 6-7 (#11, pp. 171-72) (quoting Hall v. State, 535 P.2d 797, 799 (Nev. 1975).
Respondents argument fails for two reasons. First, the law of the case doctrine is necessarily
intertwined with the earlier ruling on the merits. When the earlier ruling is on a federal
constitutional issue, as a claim of ineffective assistance of appellate counsel is, the doctrine cannot
be an adequate and independent state-law reason for denying relief. Second, it is unclear how the
Nevada Supreme Court could have determined that the law of the case barred Petitioner's
ineffective-assistance claim. Petitioner did not raise this ineffective-assistance claim on direct
appeal, nor could he. Petitioner raised it the first chance he had, in his state habeas corpus petition.

1  See Gibbons v. State, 634 P.2d 1214, 1216 (Nev. 1981).  Consequently, there was no law of the case
2  on the ineffective-assistance claim.  Ground 10b is not procedurally defaulted.
3         Respondents correctly argue that the Court should dismiss the Sixth Amendment
4  ineffective-assistance claims in Grounds 1, 6, and 9.  Other than mentioning the Sixth Amendment
5  and ineffective assistance of counsel in the header of each ground, Petitioner did not even mention
6  his counsel, let alone allege how counsel was ineffective.  See Petition, pp. 3-3D, 13-13C, 19-19B
7  (#5, pp. 3-7, 22-25, 37-39).  These claims are too vague to state a claim for relief.  James v. Borg,
8  24 F.3d 20, 26 (9th Cir. 1994).  The Court dismisses the ineffective-assistance components of each
9  of these grounds.
10         Petitioner has filed another Ex Parte Motion for Appointment of Counsel (#28).  The
11  Court sees no reason to depart from the its earlier denial (#23) of an earlier counsel motion (#21).
12         IT IS THEREFORE ORDERED that Respondents Third Motion to Dismiss (#25) is
13  **GRANTED** in part.  Grounds 4a, 4b, 7b, 9, and 10a are **DISMISSED** with prejudice as
14  procedurally defaulted.  The Sixth Amendment components of Grounds 1 and 6 are **DISMISSED**
15  without prejudice for failure to state a claim upon which relief can be granted.
16         IT IS FURTHER ORDERED that Respondents shall have forty-five (45) days from
17  the date on which this Order is entered to answer, or otherwise plead to, the Petition (#5).  If
18  Respondents file and serve an answer, then they shall comply with Rule 5 of the Rules Governing
19  Section 2254 Cases in the United States District Courts, and then Petitioner shall have forty-five
20  (45) days from the date on which the answer is served to file a reply.
21         IT IS FURTHER ORDERED that Petitioner's Ex Parte Motion for Appointment of
22  Counsel (#28) is **DENIED**.
23         DATED: October 24, 2006

_____
KENT J. DAWSON
United States District Judge